

# THE ATTORNEY GENERAL
## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN 11, TEXAS

October 28, 1964

Affirmed by *C-397*

Honorable Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. C-339

Re: Per diem of a district
    judge on an assignment
    to one county under
    three administrative
    judicial orders.

Dear Mr. Calvert:

Your request for an opinion reads in part as follows:

"This department requests an opinion
from you as the question has arisen in this
department as to whether I can legally pay
a District Judge $75.00 per day for holding
court under three (3) administrative judi-
cial orders under which the Judge holds
court on the same day in three (3) District
Courts in the same county under the pro-
visions of Article 200a, R.C.S., Section 2a,
subsection 4?"

The orders of assignment and claims furnished with your
request reveal the following: On September 25th, 1964, the
presiding judge of an administrative judicial district assigned
a district judge to try and dispose of "such cases as may arise
in . . . County" during the week beginning September 28th through
October 3rd, 1964. This assignment was made by three separate
orders, one stating that a judge of a judicial district of which
the county to which the claimant was assigned was a part "is to
be absent necessarily during the week beginning September 28th
through October 3rd, 1964"; another stating that a judge of a
judicial district located in the same county is to be absent dur-
ing the same period; and a third stating that a judge of a judi-
cial district located in the same county is to be absent during
the same period. Each of the orders designated and assigned the
claimant judge "to try and dispose of such cases as may arise in
. . . County" during such time.

The county to which the claimant judge was assigned is
located outside of his judicial district and county, and he has
presented claims in the following amounts: One for $150.00 for
six days at $25.00 per day on the following days - September 28th
through October 3rd, 1964; another claim for five days at $25.00
per day on the following days - September 29th through October

-1608-

3rd, 1964; and another claim for four days on the following days - September 30th through October 3rd, 1964. Each claim is for holding court in the same county and each claim is approved for payment by the presiding judge of an administrative judicial district.

Subdivision (4) of Section 2a of Article 200a, Vernon's Civil Statutes, provides:

"In addition to, and cumulative of, all other compensation and expenses authorized by law and this Act, judges who are required to hold court outside their own districts and out of their own counties under the provisions of this Act, shall receive a per diem of Twenty-five ($25.00) Dollars for each day, or fraction thereof, which they spend outside their said districts and counties in the performance of their duties; such additional compensation to be paid in the same manner as their salaries are paid by the State upon certificates of approval by the Chief Justice or by the Presiding Judge of the Administrative Judicial District in which they reside." (Emphasis added).

It is noted that the compensation authorized is "a per diem of Twenty-five ($25.00) Dollars for each day, or fraction thereof, which they spend outside their said districts and counties." Under the facts submitted, the claimant spent six days outside of his district and county in the performance of his duty. Therefore, the maximum which the Legislature has allowed for compensation for the performance of his duties, pursuant to the three assignments outlined above, is $150.00 ($25.00 per day for the period beginning September 28th through October 3rd, 1964). You are therefore advised that the maximum that may be paid the claimant on the three claims submitted to the Comptroller is $150.00.

## SUMMARY

The maximum which the Legislature has allowed for compensation for the performance of his duties pursuant to assignments under Article

200a, V.C.S., is Twenty-five Dol-
lars for each day he spends out-
side his district and county.

Yours very truly,

WAGGONER CARR
Attorney General

By John Reeves
John Reeves
Assistant

JR:ms

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
John Allison
J. S. Bracewell
Roy Johnson
Ralph Rash

APPROVED FOR THE ATTORNEY GENERAL
By: Roger Tyler